# MAY 22, 1935

DENNIS BLACKSTOCK V. THE STATE.

No. 17578.   Delivered May 22, 1935.

The opinion states the case.

*Maynard F. Robinson,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

Someone stole a car from Mr. Gatewood about the 4th of September, 1934. It was taken at night from a garage in Rio Vista, Johnson county, Texas. The car was recovered at Roscoe in Nolan county, some two hundred and forty miles from

Rio Vista. The State introduced young Mr. Ohlenbusch, who testified that he lived at Inadale north of Roscoe. He said Mr. Gatewood was in witness' place of business inquiring for the stolen car and left with witness a description of the car, which was a green Chevrolet. Later witness saw a car of that description in the filling station of Mr. Ward. There were two young men in the car. Witness identified appellant as one of the men in said green Chevrolet car. Mr. Ward, for the State, testified that he also lived at Inadale, and that this appellant and another young man came into witness' filling station on a certain Saturday evening, and while they were there witness Ohlenbusch came to the filling station and looked at the car. He said Ohlenbusch went away and got certain car numbers which had been left with him as descriptive of a stolen car, but the numbers on the car occupied by appellant and the other party were not the same as those had by Ohlenbusch. Witness knew appellant and talked to him on the occasion of his being in the filling station in the green Chevrolet car. Mr. Handy, who was city marshal at Roscoe, testified that about the time mentioned he had a conversation with witness Ohlenbusch on a certain Saturday, which was the last of September or the first of October, 1934, in which Ohlenbusch reported to him regarding said car. Witness in company with another officer went out to look for the car,—out to the house of a Mr. Moore some six miles northwest of Roscoe. Moore was living on what was known as the Hardin place. When they got within about three-quarters of a mile of the house two men came out of said house, got in a car and started off. As witness and his companion got nearer they observed that the car was a green car. Witness and his companion overtook the parties in the car and found them to be a Mr. McBride and a Mr. Moore. They disclaimed ownership of the car. Examination of the car by witness disclosed that it had certain marks of identification upon it which had been given by Mr. Gatewood to Mr. Ohlenbusch and by Mr. Ohlenbusch to witness. It was found that the engine number had been ground off. Witness took possession of the car and carried it back to Roscoe and notified Mr. Gatewood, who later came out, identified the car and took it away. The State introduced in evidence appellant's confession in which he fully admitted taking the car in question from Mr. Gatewood. The confession was in writing, and in all respects complied with the statuatory requirements.

We find in the record six bills of exception. Bill No. 1 complains of refusal of an application for continuance. Ex-

amination of said application makes evident a total lack of diligence. No subpoenas are attached for any witnesses, nor is there any statement in the application of the issuance or attempted service of any subpoenas, except certain subpoenas that were issued apparently two days before the trial. One of the absent witnesses appears to be a fugitive from justice as stated and admitted in the application. The whereabouts of the other witness is not indicated. Bill No. 2 complains of the refusal of a second application for continuance, which is subject to the same objections and criticisms as the one referred to in bill of exceptions No. 1.

Bill No. 3 brings forward certain objections to the admission in evidence of the confession. None of the objections made appear to be certified to as facts, or to be supported by any proof in the record. Another bill of exceptions complains of the introduction in evidence of parol testimony of a former conviction of the defendant. The bill is qualified by the statement of the trial judge, in effect, that only such testimony that was introduced was brought out in the cross-examination of defendant's character witnesses who had testified that appellant had a good reputation as a peaceable, law-abiding citizen. We think the testimony admissible in such connection, and that no error appears. Two bills of exception complain of argument. We have examined each bill and think the argument not of such character as to call for reversal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.